**Dawit A. MEBRAHTU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71142.**
**Agency No. A75–309–286.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Nelda C. Reyna, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Dawit A. Mebrahtu, a native and citizen of Ethiopia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review for substantial evidence, *see Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir. 2004), and we grant the petition for review.

Mebrahtu testified that he fears persecution by the Ethiopian authorities because his parents were born in Eritrea. The IJ found that Mebrahtu's mother was born in Eritrea, but determined that the evidence regarding his father's ethnicity was inconsistent. The BIA held that the dispositive issue was Mebrahtu's father's nationality, and affirmed the IJ's denial of relief given Mebrahtu's failure to corroborate his assertion that his father is Eritrean.

The country conditions reports in the administrative record state that "Ethiopia's policy of deporting people of Eritrean origin after war between the two countries broke out in May 1998 has now developed into a systematic, countrywide operation to arrest and deport anyone of full *or part* Eritrean descent." *See* Amnesty International, *Amnesty International Witnesses Cruelty of Mass Deportations,* Africa News Online, Jan. 29, 1999 (emphasis added). Moreover, "Ethiopians married to Eritreans are forbidden to leave and forced to watch helplessly while their spouse and children are deported." *Id.* The 1999 State Department Report on Human Rights Practices in Ethiopia confirms the mass deportations and detention of Eritreans and Ethiopians of Eritrean origin.

Given these country conditions reports, and Mebrahtu's mother's undisputed Eritrean ethnicity, substantial evidence does not support the IJ's determination that Mebrahtu failed to provide evidence that Ethiopian officials would consider him to be Eritrean. Substantial evidence also does not support the BIA's determination that the Mebrahtu's father's ethnicity is the dispositive issue in the case.

Accordingly, we grant the petition for review and remand for further proceedings as to Mebrahtu's eligibility for asylum and withholding of removal.

PETITION FOR REVIEW GRANTED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.